FILED
CLERK, U.S. DISTRICT COURT

SEP 2 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

"O"

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   JAE CHEOL CHO,                    )   Case No. CV 08-6077 JFW (AN)
                                       )
12              Petitioner,            )   MEMORANDUM AND ORDER
                                       )   DISMISSING UNEXHAUSTED
13        v.                           )   HABEAS PETITION AND DENYING
                                       )   MOTION FOR ABEYANCE
14   KEN CLARK, Warden,                )
                                       )
15              Respondent.            )
     ──────────────────────────────── )

16

17                            **I. SUMMARY**

18        On September 16, 2008, petitioner Jae Cheol Cho, a state prisoner proceeding in *pro*

19   *se* and *in forma pauperis,* filed his pending petition for a writ of habeas corpus by a person

20   in state custody ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254") and he concurrently

21   filed a Motion For Abeyance (docket no. 3). For the reasons set forth below, the Petition

22   is summarily dismissed without prejudice because all seven claims raised in the Petition

23   are unexhausted, and the Motion For Abeyance is denied.

24   ///

25   ///

26

27

28

## II. DISCUSSION

A.    **Standard of Review**

    1.    **Habeas Rules**

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[, 28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S.Ct. 2566, 2569 (2005). The discrete Rules include Habeas Rule 2(c), which imposes a "more demanding" pleading standard than the notice pleading used for complaints in ordinary civil cases. *Felix*, 545 U.S. at 655. Under Habeas Rule 2(c), a petition must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground[;... and] the petition is expected to state facts that point to a real possibility of constitutional error." *Id.* In *Felix*, the Supreme Court also held:

> A prime purpose of [Habeas] Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas [] Rule 4, if "it plainly appears from the petition...that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Id.* at 656. The Advisory Committee Notes to Habeas Rule 4 further emphasize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption). Local Rule 72-3.2 of this Court also authorizes a magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief.

**2.    § 2254**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 110 Stat. 1214 (1996), this Court may only entertain a state prisoner's application for federal habeas relief on the ground that the prisoner's custody violates the Constitution or law or treaties of the United States. § 2254(a).   Federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2).   The key to triggering § 2254's deferential standard is a previous "adjudicat[ion] on the merits in State court proceedings."

**3.    Federal Exhaustion Doctrine**

As explained by the United States Supreme Court:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) *(per curiam)* (quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)).   To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese,* 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); *see also* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *Carter v. Giubino,* 385 F.3d

1194, 1196 (9th Cir. 2004) ("[b]efore seeking federal habeas relief, a state prisoner must fairly present all of his claims to the highest state court....").

A petition with unexhausted claims that are still pending before the state courts on direct or collateral review is also subject to dismissal because the exhaustion doctrine requires federal courts to give state courts the first opportunity to examine the lawfulness of a state prisoner's confinement and, "[i]f the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *See Sherwood v. Tomkins,* 716 F.2d 632, 633-34 (9th Cir. 1983) (state remedies not exhausted where direct appeal is still pending) and *Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies not exhausted if a state post-conviction proceeding is pending). The rule applies even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in the pending state action; this is because the action may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *Sherwood,* 716 F.2d at 634.

**B.     Analysis of the Petition**

The face of the Petition shows it is directed at Cho's current state custody arising from his 2006 conviction and sentence for second degree murder with a gang enhancement and related prison sentence of thirty years to life that he sustained following a jury trial in the California Superior Court for Los Angeles County ("LA Superior Court") (case no. BA255722). (Pet. 2.)   The California Court of Appeal affirmed Cho's 2006 murder conviction and sentence in a reasoned decision.   (*Id.* 3; *People v. Cho,* no. B192389, unpub. op. (Cal. Ct. App. Dist. 2/Div. 7 Apr. 18, 2007), 2007 WL 1139573 ("*Cho*").[1]   The California Supreme Court denied Cho's petition for review without comment. (Pet. 3.)

The California Court of Appeal's decision in *Cho* establishes that Cho and his co-defendant, Kyu Lee, were tried together for killing Ki Hong in the Los Angeles County

---

[1]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *Smith v. Duncan,* 297 F.3d 809, 815 (9th Cir. 2002).

Men's Jail in October 2003, and that both of them were identified as the assailants by several inmates. *Cho*, 2007 WL 1139573 at *1. The face of the Petition and the state court of appeal's decision in *Cho* also establish Cho and Lee only raised one ground for relief on direct review, specifically, "that the trial court abused its discretion in discharging Juror No. 8 and that this erroneous discharge compromised their right to a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution." (Pet. ¶4(a)(5)(a) at 3; *Cho, id.* at *1, *3.)

Further, this Court's own records establish that, in 2002, both Cho and Lee were previously tried together and convicted for attempted murder, assault with a deadly weapon and mayhem and sentenced to prison, and that both Cho and Lee have previously filed unsuccessful habeas petitions with this Court for the purpose of challenging their mutual 2002 convictions. *See Cho v. Baca*, CV 06-2876 JFW (AN) ("Cho's 2002 Petition"); 5/30/06 Memorandum and Order at 1; *Lee v. Wong*, CV 06-5861 PA (CT); 9/20/06 Memorandum and Order at 1 n. 1.)

The Petition raises seven grounds for relief but the aforementioned juror discharge claim is not one of these grounds. (Pet., ¶ 10 at 5, 6, unnumbered pages attached between 6 and 7.)  Moreover, the Petition plainly establishes the seven grounds are unexhausted because none of these claims have ever been presented to the California Supreme Court on direct or collateral review. (*Id.*, ¶¶ 4(b); 7(a)((1)-(4).)  Indeed, the Petition and Cho's concurrently filed Motion For Abeyance establish that Cho just recently commenced efforts to exhaust these claims by filing a state habeas petition with the LA Superior Court on September 4, 2008 -- just six days before he signed his pending Petition on September 10, 2008. (Id., ¶7at 4, 7; Motion For Abeyance 1.)  Cho's failure to exhaust the seven claims before filing his pending Petition is inexcusable given that Cho made the same error in connection with filing his 2002 Petition, and this Court specifically notified him about the need to exhaust his claims in its Memorandum and Order dismissing the 2002 Petition. (Cho's 2002 Petition, 5/30/06 Memorandum and Order at 2:8-4:3.)

Consequently, the Court finds it plainly appears from the face of the Petition that

1  it must be summarily dismissed because it is an unexhausted petition.

2  **C.     Motion For Abeyance**

3         As discussed above, Cho concurrently filed a Motion For Abeyance requesting the

4  Court to hold his Petition in abeyance and stay these proceedings until he exhausts his

5  seven claims. (Motion For Abeyance 1-2.) However, the stay and abeyance procedure is

6  inappropriate where, as here, the petition raises nothing but unexhausted claims. *Rasberry*

7  *v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, the Motion For Abeyance

8  is denied.

9                          **III. CONCLUSION**

10        For the reasons discussed above, the reference to the Magistrate Judge is vacated,

11  the Petition is summarily dismissed without prejudice, the Motion For Abeyance is denied,

12  and any other pending motions are denied as moot.

13

14

15  DATED:   September 23, 2008            /s/     JOHN F. WALTER
                                           JOHN F. WALTER
16                                         UNITED STATES DISTRICT JUDGE

17

18

19  Presented pursuant to
    Local Rule 72-3.2 by:
20

21

22        /s/  Arthur Nakazato
             Arthur Nakazato
23  United States Magistrate Judge

24

25

26

27

28